UNITED STATES of America, Plaintiff–Appellee,

v.

Bernard MORRIS, Defendant–Appellant.

No. 03–50563.
D.C. No. CR–03–00034–RGK.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 23, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jason Gonzalez, AUSA, Office of The U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Firdaus Dordi, FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Bernard Morris appeals the denial of his motion to suppress evidence and request for a *Franks* hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, and reverse and remand in part.

Morris contends that there was no probable cause supporting the search warrant and, therefore, the warrant was invalid. We disagree. We review the denial of a

motion to suppress de novo. *See United States v. Lynch,* 367 F.3d 1148, 1159 (9th Cir.2004). The affidavit proffered, *inter alia,* that several Swan Blood gang members had previously claimed they lived at that address, the suspect had been seen on the property, others knew that he visited there often, the owner of the residence was considered a "grandmother" to the suspect, and the affiant had knowledge that typically, gang members help hide contraband to elude the police. Based on the totality of the circumstances, it was reasonable to conclude that there was a fair probability that contraband would be found in Morris' residence. *See Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Morris further contends that the district court erred in denying his request for a *Franks* hearing. *See Franks v. Delaware,* 438 U.S. 154, 155–156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). We review de novo the district court's denial of a *Franks* hearing. *See United States v. Reeves,* 210 F.3d 1041, 1044 (9th Cir.2000). Because we conclude that the affiant's misrepresentations and/or omissions from the affidavit were material and necessary to the magistrate's determination that there was probable cause for the warrant, we remand the case for a *Franks* hearing.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.